385 A.2d 547

COMMONWEALTH of Pennsylvania, Appellant,

v.

Robert P. STEDING, Appellee.

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided April 13, 1978.

Charles W. Johns and Robert L. Eberhardt, Assistant District Attorneys, Pittsburgh, and Robert E. Colville, District Attorney, Pittsburgh, for Commonwealth, appellant.

Bruce A. Carsia, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

The lower court granted defendant-appellee's application to suppress evidence. Since the Commonwealth was without other evidence the Commonwealth appealed on authority of *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963).

About noon on February 13, 1976, appellee was observed at the Greater Pittsburgh International Airport by Allegheny County Police and agents of the U.S. Drug Enforcement Administration Joint Narcotics Task Force, as he was disembarking from a plane. After a hearing on a petition to suppress in the lower court, the Honorable James R. McGregor, found as follows:

FACTS

On February 13, 1976, Defendant was observed in the baggage claims area of United Airlines at the Pittsburgh Airport. Drug Enforcement Agent testified that the defendant appeared to be nervous when his baggage arrived on the conveyor belt. Said defendant had two bags, one of which was partially open revealing a plastic garbage bag, which the officer testified, gave him reason to believe, based on his experience in drug enforcement, contained marijuana. When the defendant attempted to exit, he was stopped and asked to identify himself. The name said defendant gave was different from the name on the luggage tags. Defendant was led to an office, 80 yards away, and was placed under arrest when one of the agents smelled perfume and a slight odor of marijuana emanating from the luggage. Defendant was given his *Miranda* rights. A body search of defendant was conducted, and two luggage keys were found in defendant's wallet. Agents opened the luggage, searched it and seized 1 bag containing 21 lbs. of marijuana, a second bag containing 16 lbs. of marijuana, and 26–27 grams of cocaine. De-

fendant was then taken to the Sheriff's office where he signed a waiver form and gave a written statement under oath.

The primary question on this appeal is whether the agents had probable cause to stop appellee for interrogation on the facts as found by Judge McGregor which seemingly are not disputed by appellant. Judge McGregor's disposition of this case is based entirely on the illegality of this act.

It is notorious that an airport is a place where importation of contraband frequently occurs. The officers aware of this had certain areas under surveillance on the day in question, several hours prior to appellee's arrival. His conduct on arrival, is described as nervous, apprehensive, constantly looking over his shoulder, and he was uncertain as to the identity of his luggage. The police also observed that dark green material having the appearance of a trash can liner was protruding from one of the suitcases. The police and agents testified that from their experience, they knew that marijuana and other such contraband is frequently transported in bags of that type. A police officer may stop a person for brief questioning when he has observed unusual and suspicious conduct which may reasonably lead him to believe that criminal activity is afoot. *Commonwealth v. Ferraro*, 237 Pa.Super. 268, 352 A.2d 548 (1975). The foregoing facts reasonably warranted a brief and limited intrusion by the police.

On being questioned, appellee was unable to supply any identification or explain why the name he gave, Robert Steding, was different from the name on the luggage he was carrying. The officers then requested that appellee accompany them to an airport office for further questioning. After the appellee and the suitcase were taken to the office, one of the officers detected a smell emanating from the suitcase that he recognized as marijuana camouflaged by perfume. It was then that appellee was arrested, given his *Miranda* rights, and a body search was made. The search produced two keys which opened the luggage containing the contraband. Thereafter, appellee signed a waiver form and made a written statement.

■ The appellee told police that the suitcase was not his and he did not care if they opened the suitcase or not. Such consent is not involuntary since there is no evidence of any show of force or threat by the police. *United States v. Fields*, 458 F.2d 1194 (3d Cir. 1972), *cert. denied* 412 U.S. 927, 93 S.Ct. 2755, 37 L.Ed.2d 154. The appellee was not in custody or under restraint until the police had noticed the smell emanating from the suitcase and arrested him. Up until that point, appellee was at most being "detained," and the police were not acting improperly. *United States v. Clark*, 425 F.2d 827 (3rd Cir. 1970), *cert. denied* 400 U.S. 820, 91 S.Ct. 38, 27 L.Ed.2d 48.

The evidence as found by the lower court supports the legality of the stop by police, and the subsequent arrest and search of appellee after circumstances arose that amounted to probable cause. The appellee consented to the search by disclaiming ownership of the luggage.

The order of the lower court is reversed and the application to suppress the evidence is denied.

HOFFMAN and SPAETH, JJ., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.